[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant made an oral motion for the court to order examination pursuant to the CADAC program following the court's finding that the purpose of probation had been so thwarted as to mandate the revocation of probation. The State objected to this motion, arguing that because the defendant had already been unsuccessfully terminated from a post-conviction treatment program ordered pursuant to the general statutes, she is ineligible under General Statutes § 17a-699 for the post-conviction CADAC program.
Upon reviewing the file is does appear that the defendant was recipient of drug treatment opportunities post-conviction on at least one prior occasion. Additionally, she received a sentence modification to allow her to pursue drug treatment in a transitional environment. Thus, the court deems the defendant ineligible to make a CADAC application at this time.
Defendant's attorney made moving and compelling arguments that the defendant desperately needs treatment in addition to a period of incarceration. This court does not disagree. Having been afforded court ordered opportunities in the past, it is now the responsibility of the defendant to pursue such treatment. She has, at this moment, a new chance to make new choices. Those choices are hers and hers alone.
It is the sentence of this court that the defendant be committed to the custody of the Department of Correction for a period of 3 years, execution suspended after 18 months, 3 years probation; conditions of probation undergo substance abuse evaluation and treatment as deemed necessary by the office of adult probation; random urinalyses and maintenance of employment unless enrolled in full time treatment and/or educational vocational program.
Robinson, J.